# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ibrakhim Bolotkanov,<br><br>    Petitioner,<br><br>v.<br><br>John E. Cantu, et al.,<br><br>    Respondents. | No. CV-25-03025-PHX-KML (JZB)<br><br>**ORDER** |

Petitioner Ibrakhim Bolotkanov, who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1). The Court will require Respondents to answer the Petition.

Petitioner names as Respondents: United States Immigration and Customs Enforcement (ICE), ICE Acting Director Todd Lyons, ICE Phoenix Field Office Director John Cantu, the United States Department of Homeland Security (DHS), DHS Secretary Kristi Noem, and United States Attorney General Pam Bondi. (Doc. 1 ¶¶ 16-22.)

Petitioner states he is a Kyrgyzstan citizen who came to the United States seeking asylum on December 23, 2018, after he was threatened by the Kyrgyz government for his political beliefs. (Doc. 1 ¶¶ 42-45.) Petitioner arrived at the San Ysidro Port of Entry in California and Respondents released him into the United States on his own recognizance pursuant to 8 U.S.C. § 1182(d)(5). (Doc. 1 ¶ 45.) On November 2, 2018, Respondents initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a), alleging Petitioner was inadmissible to the United States, and commanded him to appear for a

hearing in the immigration court at an unknown date and time in Lumpkin, Georgia. (Doc. 1 ¶¶ 46-47.) After his release, Petitioner relocated to California and successfully moved to change the venue of his immigration proceedings to Van Nuys, California. (Doc. 1 ¶¶ 47-48.)

On May 7, 2018, Petitioner applied for asylum at the Van Nuys Immigration Court. (Doc. 1 ¶ 49.) Petitioner appeared before the immigration court for a scheduled hearing on January 10, 2024, and an Immigration Judge (IJ) terminated Petitioner's removal proceedings due to a defective Notice to Appear. (Doc. 1 ¶ 51.) On April 2, 2024, Petitioner filed his second Application for Asylum, Withholding of Removal, Form I-589, which remains pending as of the filing date of Petitioner's Petition. (Doc. 1 ¶ 52.)

On May 13, 2025, Petitioner was arrested while driving his vehicle near Andrade, California and detained on a warrant issued under Section 236. (Doc. 1 ¶ 57.) On May 19, 2025, DHS issued a new Notice to Appear charging Petitioner under § 212(a)(7)(A) and initiated removal proceedings; Petitioner, through counsel, filed a request for bond redetermination. (Doc. 1 ¶¶ 58-59.)

On May 30, 2025, Petitioner attempted to set a bond hearing before the Eloy Immigration Court but the IJ denied jurisdiction over Petitioner's case, claiming he was an "arriving alien."[1] (Doc. 1 ¶ 60.) Petitioner, through counsel, objected to the IJ's finding, stating Petitioner was not an arriving alien and had been living in the United States for eight years before his detention, and that the hearing was to determine Petitioner's bond and custodial status. (Doc. 1 ¶ 61.)

Petitioner also cited documents showing that he was no longer an arriving alien, documents detailing the circumstances of his detention, and the "Notice of Custody Determination" issued by DHS, which does not identify Petitioner as an arriving alien.

---

[1] Petitioner does not assert when he was transported to Eloy, Arizona.

An "arriving alien" is an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport.

1  (Doc. 1 ¶ 61.) Despite Petitioner's assertions, the IJ disregarded the DHS document, after
2  DHS counsel asserted it was a "clerical typo." (Doc. 1 ¶ 61.)

3       A master hearing was set concurrently with Petitioner's bond hearing and
4  Respondents moved to dismiss his case entirely to place Petitioner in expedited removal
5  proceedings. (Doc. 1 ¶ 62.) The IJ "dismissed the proceedings." (Doc. 1 ¶ 62.) On June
6  2, 2025, Petitioner filed an appeal with the Board of Immigration Appeals (BIA), which
7  remains pending.[2] (Doc. 1 ¶ 63.) Petitioner avers that Respondents concealed the basis for
8  dismissal from the immigration court and from Petitioner for the purpose of divesting
9  Petitioner his due process rights afforded by his properly filed asylum application. (Doc.
10  1 ¶ 64.)

11       Based on these facts, Petitioner presents four claims for relief: that his detention
12  violates his rights under the Due Process Clause of the Fifth Amendment; Respondents'
13  decision to dismiss Petitioner's removal proceedings violates the Administrative Procedure
14  Act (APA); Petitioner's Fifth Amendment Due Process Procedural rights were violated
15  when Respondents deprived Petitioner the bundle of rights associated with his pending
16  asylum application; and Petitioner's Fifth Amendment right to Due Process was violated
17  when Respondents unlawfully subjected Petitioner to expedited removal.

18       The Court will require Respondents to answer the Petition.

19  **IT IS ORDERED:**

20       (1)    Counsel for Petitioner must immediately serve the Petition upon
21  Respondents.

22       (2)    If not already issued, the Clerk's Office must issue any properly completed
23  summonses.

24       (3)    The Clerk of Court must immediately transmit by email a copy of this Order
25  and a copy of the Petition to the United States Attorney for the District of Arizona, to the
26  attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at
27  melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

28

---

[2] As of the filing of Petitioner's Petition, the BIA has not rendered any decision.

1     (4) Respondents must answer the petition within **twenty (20) days** of the date of service.

    (5) Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

    (6) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 26th day of August, 2025.

*/s/ Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge

- 4 -