IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ibrakhim Bolotkanov,<br>   Petitioner,<br>v.<br>John Cantu, et al.,<br>   Respondents. | No. CV-25-03025-PHX-KML (JZB)<br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (Doc. 1.) The petition is fully briefed. (Docs. 23-24.) Petitioner also filed an ex parte motion for temporary restraining order. (Doc. 28.) The court grants the petition, denies the motion for injunctive relief, and orders petitioner receive a bond hearing.

**I.    Background**

Petitioner is a citizen of Kyrgyzstan, who while living there claims to have been threatened by the government for his political beliefs. (Doc.1 ¶ 42.) In December 2017, petitioner presented himself at a port of entry in California to seek asylum. (*Id.* ¶ 45.) According to respondents, petitioner was released on parole on February 21, 2018. (Doc. 23-1, Apodaca Decl. ¶ 8.) Petitioner filed for asylum on May 7, 2018. (*Id.* ¶ 10.) After numerous continuances, petitioner's removal proceedings were dismissed at the government's request. (*Id.* ¶ 20.) Petitioner filed a second asylum application in April 2024, which remains pending. (Doc. 1 ¶ 52.)

Petitioner was arrested on May 13, 2025, and placed in removal proceedings. (Doc.

23-1, Apodaca Decl. ¶¶ 21, 23.) Petitioner sought custody redetermination, but the immigration judge ruled that he lacked jurisdiction to grant bond because petitioner was an "arriving alien." (*Id.* ¶ 26.) On May 30, 2025, respondents again moved to dismiss petitioner's removal proceedings so that they could place petitioner in expedited removal proceedings. (*Id.* ¶ 27.) Petitioner appealed that dismissal to the BIA and the appeal remains pending, although his separate appeal of the denial of bond was dismissed. (Doc. 1 ¶ 63; Apodaca Decl. ¶¶ 28-29, 31.)

Petitioner filed a petition for habeas corpus arguing his detention violates his due process rights and the Administrative Procedure Act. Petitioner further argues his retroactive placement into expedited removal proceedings violates his due process rights.[1]

## II. Detention Claims -- Discussion

### A. Jurisdictional Arguments

Respondents first contend 8 U.S.C. §§ 1252(g), (b)(9), and (a)(5) preclude review of petitioner's claims. (Doc. 23 at 5-6.) Respondents are mistaken, for the reasons set forth in *Echevarria v. Bondi*, 2025 WL 2821282, *2-3 (D. Ariz. 2025). Respondents also contend that § 1252(a)(5) provides that a petition for review is the exclusive means for judicial review of immigration proceedings. (Doc. 23 at 6.) No final order of removal has been issued as to petitioner and petitioner does not purport to challenge that nonexistent order. *Singh v. Gonzales*, 499 F.3d 969, 977-78 (9th Cir. 2007) (emphasizing that "Post-REAL ID Act cases considering the applicability of § 1252 have also distinguished between challenges to orders of removal and challenges that arise independently" and quoting with approval an earlier precedential opinion stating "the REAL ID Act's jurisdiction-stripping provisions . . . does [sic] not apply [if the] claim is not a direct challenge to an order of removal") (citations omitted).

### B. Merits

Respondents present a baffling argument in opposition to the merits of petitioner's

---

[1] Respondents argue petitioner lacks standing to challenge dismissal of his removal proceedings because that decision is on appeal and, until that appeal is resolved, he remains in traditional removal proceedings. Based on the present record, that is correct and the claim regarding retroactive placement in removal proceedings is dismissed as premature.

claims. Respondents argue petitioner is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). But in the same pleading, respondents argue petitioner is not yet in expedited removal proceedings—presumably because his administrative appeal of the dismissal of his § 1229a proceedings remains pending (*see* Doc. 24 at 7)—so he could not be subject to § 1225 on that basis. And although petitioner was an arriving alien in 2017, respondents appear to ignore he was paroled into the United States and later taken into custody under a warrant citing § 1226. There is no basis in the present record to conclude petitioner's parole was ever validly revoked. On top of that, respondents insist petitioner remains in traditional removal proceedings under § 1226. Based on that concession, he is entitled to a bond hearing under this court's rejection of respondents' statutory interpretation explained in *Zepeda v. Noem*, CV-25-4236-PHX-KML (JFM), ECF No. 13 at 2–3 (D. Ariz. Dec. 11, 2025).[2]

/
/
/
/
/
/
/
/
/
/

---

[2] Further, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025).

Accordingly,

**IT IS THEREFORE ORDERED:**

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.
2. Respondents must provide petitioner a bond redetermination hearing within **ten days** or release him from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing him a bond hearing.
4. All remaining motions are denied as moot.
5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of December, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge