**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ibrakhim Bolotkanov,<br>    Petitioner,<br>v.<br>John Cantu, et al.,<br>    Respondents. | No. CV-25-03025-PHX-KML (JZB)<br>**ORDER** |

On December 23, 2025, the court granted petitioner's petition for writ of habeas corpus and ordered respondents to "provide petitioner a bond redetermination hearing within ten days or release him from custody under the same conditions that existed before his detention." (Doc. 30 at 4.) Respondents opted to provide a bond redetermination hearing. At that hearing, the immigration judge "found that Petitioner is neither a danger to the community nor a flight risk" but "set bond in the amount of $17,000." (Doc. 32 at 2.) The immigration judge allegedly did not "inquire on the record into Petitioner's ability to pay the bond amount" and petitioner argues he "lacks the financial ability to post such a bond." (Doc. 32 at 2.) The day after the bond redetermination hearing, petitioner filed a "Motion to Enforce" requesting the court "enforce its December 23, 2025 Order granting habeas relief by directing Respondents to immediately release Petitioner from custody."[1]

---

[1] Shortly after petitioner filed his motion to enforce, respondents filed a "Notice of Compliance" stating petitioner had posted bond. (Doc. 33 at 1.) That filing prompted petitioner to file a "Motion to Strike" arguing the "Notice of Compliance" was factually inaccurate and he had not posted bond. Respondents then filed a "Revised Notice of Compliance" stating "bond has not in fact been posted or paid." (Doc. 35 at 1.) Based on the revised notice, petitioner's Motion to Strike is denied as moot.

(Doc. 32 at 4-5.)

The court is aware that "§ 1226(e) precludes jurisdiction over claims that an IJ, exercising his statutorily-delegated discretion, set an excessively high bond amount." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (simplified). But if petitioner is arguing "the discretionary [bond] process itself was constitutionally flawed," that argument is "cognizable in federal court on habeas because [it fits] comfortably within the scope of § 2241." *Id.* (simplified). In responding to the motion to enforce respondents must address, providing all available evidence, whether the immigration judge considered petitioner's ability to pay in setting the bond amount. Respondents must also address whether petitioner's arguments regarding his bond amount should be brought as a separate petition. In his reply, petitioner must explain why his current arguments regarding the bond amount do not qualify as "cloaking an abuse of discretion argument in constitutional garb." *Hernandez*, 872 F.3d at 988 (simplified). Petitioner must also explain why a motion to enforce in this case is the appropriate mechanism for relief instead of filing a new petition.

**IT IS ORDERED** no later than **January 14, 2026**, respondents shall file their response to the "Motion to Enforce." Petitioner shall file his reply no later than **January 21, 2026**.

**IT IS FURTHER ORDERED** the Motion to Strike (Doc. 34) is **DENIED AS MOOT**.

Dated this 2nd day of January, 2026.

Honorable Krissa M. Lanham
United States District Judge